IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOFIA BORQUEZ, INDIVIDUALLY and on Behalf of the ESTATE OF CRESENCIO BORQUEZ, et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. 3:10CV380-O |
| BRINK'S INCORPORATED, et al., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand, filed March 2, 2010. (Doc. # 9). Having considered the motion, Defendant Brink's Incorporated's Response, filed March 8, 2010 (doc. #14), Plaintiffs' Reply, filed March 10, 2010 (doc. # 16), Brink's Notice of Removal, filed February 24, 2010 (doc. #1), the index of state court documents attached thereto (doc. #2), Brink's First Amended Notice of Removal, filed March 8, 2010 (doc. 15), Plaintiffs' Objection to Defendant Brink's Incorporated's First Amended Notice of Removal, filed March 10, 2010 (doc. #17); and the applicable law, the Court grants Plaintiffs' Motion to Remand.

**I.  Factual and Procedural Background**

This lawsuit arises from the murder of 46-year old Cresencio Borquez, an employee of Brink's Incorporated ("Brink's"), who was shot and killed while servicing an ATM at a branch of Defendant JP Morgan Chase Bank, NA ("Chase Bank"). Plaintiffs, who are the surviving spouse and two children, originally filed this lawsuit on December 1, 2009 in County Court at Law No. 1 of Dallas County, Texas for an unspecified amount of damages against Defendants Brink's, Chase

Bank, and the alleged shooters, Enrique Lopez and Jesus Sandoval. (*See Borquez, et al. v. Brink's, Incorporated, et al.*, Cause No. CC-09-09096-A). Plaintiffs alleged gross negligence against Brink's, negligence, gross negligence and premises liability against Chase Bank, and wrongful death against Lopez and Sandoval, and also brought a survival action pursuant to the Tex. Civ. Prac. & Rem. Code § 71.021, and sought exemplary damages.

*Brink's Initial Notice of Removal*

Defendants Brink's and Chase Bank were served with summons and notice of suit on December 3, 2009. (Doc. #2). On December 28, 2009, Brink's filed its Original Answer & Special Exceptions as well as a Certificate of Written Discovery. (*Id.*). On January 29, 2010, Plaintiffs filed an Amended Petition, which included a specific request for damages in the amount of $20,000,000. (*Id.*). On February 24, 2010, Brinks filed a Notice of Removal, asserting that the federal district court had original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeded $75,000.00, exclusive of interest and costs, and the case is between citizens of different States. (Doc. #1, Notice of Removal ¶ 6). Brink's asserted that:

> Although this case was not removable when originally filed, it became removable on January 29, 2010, when Plaintiffs filed their First Amended Petition stating for the first time a claim for damages in excess of $75,000.00.

(*Id.* ¶ 2).

*Court's February 26, 2010 Order*

On February 26, 2010, after reviewing the Notice of Removal (doc. #1) and the Original Petition contained in the index of state court exhibits thereto (doc. #2), the Court concluded there was a colorable issue as to whether Brink's' removal was timely under 28 U.S.C. § 1446(b). Seeking to expedite review of this issue, the Court alerted the parties to the issue to allow an

**Memorandum Opinion and Order – Page 2**

opportunity for briefing.  (*See* Doc. #4).

*Plaintiffs' Motion to Remand*

On March 2, 2010, Plaintiff filed a Motion to Remand, contending that removal was untimely under section 1446(b) since the allegations of wrongful death, exemplary damages, premises liability, negligence and gross negligence brought by all three Plaintiffs in the Original Petition, "made it readily apparent that the damages in this case would exceed $75,000," and Brink's removed this action to federal court well after thirty days from service of the summons and Original Petition. (Doc. # 9, Mot. to Remand at 2).

*Brink's Response and First Amended Notice of Removal*

On March 2, 2010, Brink's filed its response (doc. #14), as well as a First Amended Notice of Removal (doc. #15).  Brink's does not address any of Plaintiffs' arguments or seek to distinguish any cases cited by Plaintiffs in its motion to remand or by the Court in its February 26, 2010 order. Instead, Brink's now asserts for the first time that its removal is timely since "the time period within which Brink's is required to file a Notice of Removal has never officially begun to run because no document served on Brink's by Plaintiffs showed on its face that this case was removable."  (Doc. #14, Resp. to Mot. to Remand at 1).  Brink's further contends that because the Original Petition failed to allege the citizenship of the alleged shooters, Sandoval and Lopez, and it was only through its own investigation that Brink's determined the citizenship of the alleged shooters (Mexico and El Salvador), "the 30-day period for filing the Notice of Removal has never begun to run, and the Motion to Remand should be denied." (*Id.* at 5).

**II.     Analysis**

    **A.     Applicable Legal Standard**

The burden of establishing federal jurisdiction is on the party seeking removal, Brink's. *Frank v. Bear Stearns & Co.*, 128 F.3d 912, 922 (5th Cir. 1997). Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns," and thus any doubt about the propriety of removal should be resolved in favor of remand. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts.").

Title 28 U.S.C. § 1446(b) governs the timeliness of removal, and sets forth a thirty-day limitation period for removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

In the Fifth Circuit, under the first sentence of section 1446(b), the thirty-day period for removal begins to run after defendant's receipt of the initial pleading "when that pleading *affirmatively reveals on its face* that plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208, 210 (5th Cir.

2002) (emphasis added) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992)). The second sentence of section 1446(b) is only triggered when the action is not initially removable. 28 U.S.C. § 1446(b). Under such circumstances, the defendant has thirty days to remove after it receives a copy of "other paper from which it may first be ascertained" that the case is or has become removable. *See id.* In the Fifth Circuit, the "'other paper' conversion requires a *voluntary act by the plaintiff.*" *S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (original emphasis) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961)). In explaining that "other paper" requires a voluntary act of the plaintiff, the court in *Gaitor* made clear that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court." *Gaitor*, 287 F.2d at 254.

### B.      The Parties' Arguments

In support of its Motion to Remand, Plaintiffs argue that Brink's Notice of Removal was untimely under the first sentence of Title 28 U.S.C. § 1446(b). Specifically, Plaintiffs contend that their Original Petition alleging wrongful death, premises liability, gross negligence and negligence, and seeking punitive damages, brought by the surviving spouse and two children of a 46-year old Brink's employee shot and killed on the job, made it "readily apparent that the damages in this case would exceed $75,000, despite the petition's absence of a specific damage allegation." (Doc. #9, Pl. Mot. to Remand at 2).

In Response to Plaintiffs' Motion to Remand, Brink's filed a First Amended Notice of Removal which differs from its initial Notice of Removal. As stated above, the initial Notice of Removal asserts that the 30-day period for removal was triggered on January 29, 2010 under the second sentence of section 1446(b), when Plaintiffs filed their First Amended Petition stating for

**Memorandum Opinion and Order – Page 5**

the first time a claim for damages in excess of $75,000.00. (*see* doc. #1, Notice of Removal ¶ 2). In contrast, Brink's asserts in its response and in its First Amended Notice of Removal that removal is timely since "the time period within which Brink's is required to file a Notice of Removal has never officially begun to run because no document served on Brink's by Plaintiffs showed on its face that this case was removable." (Doc. #14, Resp. to Mot. to Remand at 1). Brink's further contends that because the Original Petition failed to allege the citizenship of the alleged shooters, Sandoval and Lopez, and it was only through its own investigation that Brink's determined the citizenship of the alleged shooters (Mexico and El Salvador), "the 30-day period for filing the Notice of Removal has never begun to run, and the Motion to Remand should be denied." (*Id.* at 5).

In reply, Plaintiffs contend, among other things, that: (i) Brink's should not be permitted to "amend the [initial] notice of removal to allege a separate ground for removal" absent leave of court (*see* doc. #16, Reply at 5), and (ii) even were the Court to entertain Brink's amended notice of removal, Brink's removal is still untimely under the second sentence of section 1446, since the "other paper" from which Brink's asserts diversity jurisdiction was not produced by Plaintiffs.

**C.     Discussion**

The Court first addresses Plaintiffs' argument that Brink's should not be permitted to raise an entirely new basis for removal in an amended notice absent leave of Court. Having considered Plaintiffs' argument, and noting that Brink's did not seek leave of Court or provide any legal support for such a tactic, the Court agrees with Plaintiffs. In its initial Notice of Removal, Brink's invoked the jurisdiction of this Court by asserted that the 30-day clock began to run on the date Plaintiffs amended their petition on January 29, 2010, to include a specific damages request in the amount of $20 million. (*See* Doc. #1, Notice of Removal ¶ 2). In its First Amended Notice of Removal, filed

**Memorandum Opinion and Order – Page 6**

*after* being placed on notice that the Court questioned the timeliness of its removal, and *after* Plaintiffs' motion to remand, Brink's now asserts an inconsistent and contradictory position. (*See* Doc. 15, First Am. Notice of Removal ¶ 2) ("[t]he time for Brinks to remove the case never began to run [since] none of the Plaintiffs' pleadings or other papers served on Brink's show on their face that the case is removable because there is no information in the pleadings about the citizenship of all of the parties."). Brink's cannot have it both ways. These two (2) positions cannot be reconciled, nor will they be. "Judicial estoppel is an equitable doctrine that 'prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.'" *Hopkins v. Cornerstone America,* 545 F.3d 338, 347 (5th Cir.2008) (quoting *Hall v. GE Plastic Pac. PTE Ltd.,* 327 F.3d 391, 396 (5th Cir.2003)). Courts apply the doctrine "when two requirements are met: the position of the party to be estopped is clearly inconsistent with its previous one, and the party convinced the court to accept the previous position." *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 710-11 (N.D. Tex. 2006). "The purpose of the doctrine is 'to protect the integrity of the judicial process', by 'prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest[.]'" *In re Coastal Plains, Inc.,* 179 F.3d 197, 205 (5th Cir.1999) (quoting *Brandon v. Interfirst Corp.* 858 F.2d 266, 268 (5th Cir.1988)). Such is the case here. In short, the Court concludes that Brink's is judicially estopped from asserting inconsistent and contradictory arguments in its First Amended Notice of Removal, where it appears based on the timing of these inconsistent positions that avoidance of the possibility of remand may be the motive.[1] Accordingly, the Court will analyze whether Brink's initial Notice of Removal (doc. #1) was timely under 28 U.S.C. § 1446(b).

---

[1] The Court further agrees with Plaintiffs that absent leave to amend, which Brink's did not seek, the Court has no obligation to consider the First Amended Notice of Removal.

**Memorandum Opinion and Order – Page 7**

To reiterate, Plaintiffs are the surviving spouse and children of 46-year old Cresencio Borquez, an employee of Brink's, who was allegedly murdered on duty while servicing an ATM at a branch of Chase Bank. Plaintiffs have sued Brink's, Chase Bank, and the alleged shooters, Enrique Lopez and Jesus Sandoval, alleging gross negligence against Brink's, negligence, gross negligence and premises liability against Chase Bank, and wrongful death against Lopez and Sandoval. As part of the wrongful death claim, Plaintiffs seek to recover for pecuniary loss, including, without limitation, loss of care, maintenance and support, as well as damages for mental anguish, grief and sorrow. Plaintiffs also bring a survival claim for personal injuries suffered by Mr. Borquez, including his pain, suffering and anguish pursuant to the Tex. Civ. Prac. & Rem. Code § 71.021. Plaintiffs further seek exemplary damages. The Court agrees with Plaintiffs that, based on the allegations, the Original Petition affirmatively reveals on its face that the damages sought exceeded $75,000, thereby triggering the thirty-day removal period under the first sentence of section 1446(b). *See Carleton v. CRC Industries, Inc.*, 49 F.Supp.2d 961, 962 (S.D. Tex. 1999) (Kent, J.) (where original petition did not state dollar amount of damages sought, granting motion to remand since it was "undeniably facially apparent" that plaintiff's damages exceeded $75,000 where he allegedly contracted a fatal form of cancer from toxic exposure to defendant's chemicals, since "common experience" dictates that damages resulting from severe and permanent injuries will meet the threshold amount for federal jurisdiction) (internal citation and punctuation omitted); *Evett v. Consolidated Freightways Corp.*, 110 F.Supp.2d 510 (E.D. Tex 2000) (Schell, J.) (where original petition did not state dollar amount of damages sought, granting motion to remand in case involving severe injury to a minor in car accident, since "the serious and permanent nature of Evett's alleged injuries make it readily apparent that damages could easily exceed $75,000 in this case"); *Cross v.*

*Bell Helmets*, 927 F.Supp. 209 (E.D. Tex. 1996) (Cobb, J.)(common experience dictates that damages resulting from severe and permanent injuries will meet threshold for federal court jurisdiction). *See also Henson ex rel. Henson v. Power, Rogers and Smith*, 2007 WL 313313, at *5 (N.D. Tex. Jan. 31, 2007) (Lindsay, J.) (remanding to state court for untimely removal notwithstanding that Petition did not state any dollar amount for the damages sought, or affirmatively state that the damages sought were in excess of the jurisdictional threshold for federal court, since, applying common-sense approach of *Carleton*, it was "facially apparent" from original petition that amount in controversy exceeded $75,000, where Plaintiffs (next of kin to decedent Keith Henson who had died in a car crash), sought compensatory damages for all losses that occurred as a result of Henson's wrongful death, actual and multiple (treble) damages under the DTPA, as well as attorney's fees, and exemplary damages for gross negligence). *But cf. Staton v. Wells Fargo Bank, N.A.*, 192 F.Supp.2d 681, 684 (N.D.Tex. 2002)(Lynn, J.) (while finding the common-sense approach used in *Carleton* and other cases persuasive, concluding that such approach "encouraged courts to dip into the briar patch of guesswork the *Chapman* court cautioned district courts to avoid.").

This case is factually different from the allegations in the petition in *Staton*. In *Staton*, the plaintiff asserted a claim for wrongful termination. In her state court petition, she included her salary at the time of her termination and requested actual damages. Later, the plaintiff answered an interrogatory and identified more specifically her request for relief. Based on this answer, the defendant removed the case to federal court because it argued this answer was the first time it was placed on notice that the amount in controversy exceeded the jurisdictional limit of the federal courts. In denying the plaintiff's motion to remand based on an untimely removal, Judge Lynn

**Memorandum Opinion and Order – Page 9**

wrote that it would require "guesswork" for the defendant to connect plaintiff's averment regarding her salary at the time of termination to her "general request for 'actual damages[,]'" and then to conclude that more than $75,000.00 was at issue in the case. *See id.* Judge Lynn rightfully concluded that when the amount in controversy is not apparent from the face of the petition and otherwise would require guesswork to determine, a defendant is not on notice that the amount in controversy exceeds the jurisdictional limits of the federal courts. Unlike the allegations in *Staton*, given the allegations in Plaintiffs' Original Petition in this wrongful death and survivorship action, this Court, like the *Henson* court, "determines that there is no 'briar patch of guesswork' in this case, as it is 'facially apparent' [from the Original Petition] that the jurisdictional minimum is met." *See Henson*, 2007 WL 313313, at *5.[2]

The Court now turns to Plaintiffs' second argument in favor of remand. Specifically, Plaintiffs contend that even were the Court to entertain Brink's amended notice of removal, remand is still required since, contrary to Fifth Circuit law, the "other paper" from which Brink's asserts it first ascertained that the case was removable was *not* produced by Plaintiffs. (Doc. #16, Reply at 4-5). The Court agrees.

As stated above, the second sentence of section 1446(b) is only triggered when the action is not initially removable. *See* 28 U.S.C. § 1446(b). Under such circumstances, the defendant has thirty days to remove after it receives a copy of "other paper from which it may first be ascertained" that the case is or has become removable. *See id.* The "other paper" upon which Brink's relies to

---

[2]The rule enunciated in *Chapman*, requiring a plaintiff to place a specific allegation in his state court petition that damages are in excess of the federal jurisdiction amount, would still control where there is a reasonable question as to whether the jurisdictional minimum has been met, which is not the case here. *See generally Chapman*, 192 F.Supp.2d at 163. Of course, the application of *Chapman* is further complicated by the fact that Texas Rule of Civil Procedure 47 prohibits a party from specifying an amount of damages sought on an unliquidated claim until a special exception is filed. *See Staton*, 192 F.Supp.2d at 682 n.2.

**Memorandum Opinion and Order – Page 10**

trigger removal under the second sentence of section 1446(b) is an affidavit of Kevin J. Preola, an employee of co-Defendant Chase Bank, who asserts that his investigation of the citizenship of Sandoval and Lopez revealed that Sandoval is a citizen of El Salvador and Lopez is a citizen of Mexico. (Doc. 14, Response to Pl. Mot. to Remand at Exhibit A ¶¶ 3-4). As Plaintiffs correctly argue, "courts have made cleat that the 'other paper' must come from a voluntary act of the Plaintiff, and an affidavit prepared by the Defendant seeking removal is not sufficient to meet Section 1446(b)'s requirements." (Doc. #16, Reply at 4-5) (citing *S.W.S. Erectors*, 72 F.3d at 494). Further, Brink's concedes that no paper produced by Plaintiffs shows the citizenship of Sandoval and Lopez such that complete diversity was apparent. *See* Doc. #14, Resp. to Mot. to Remand at 1 ("the time period within which Brink's is required to file a Notice of Removal has never officially begun to run because no document served on Brink's by Plaintiffs showed on its face that this case was removable."). As Brink's itself recognizes in its brief: "[N]otice of removability under § 1446 is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *See* Brink's Resp. to Pl. Mot. to Remand ¶ 4 (doc. #14) (citations omitted).

In short, even were the Court to consider Brink's Amended Notice of Removal, remand would still be required since Brink's has failed to demonstrate receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b).

### III.    Attorney's Fees and Costs

As part of their motion to remand, Plaintiffs seek costs, actual expenses and attorney's fees incurred for Brink's wrongful removal of this action. Section 1447(c) provides that "[a]n order

**Memorandum Opinion and Order – Page 11**

remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc*., 199 F.3d 290, 292 (5th Cir.2000). In applying section 1447(c), the court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293. In light of the above discussion, and applicable case authority post-*Chapman*, the Court is unable to conclude that Brink's did not have objectively reasonable grounds to remove this case. Accordingly, the Court rejects Plaintiffs' request for costs, expenses or attorney's fees.

### IV.    Conclusion

For the reasons stated herein, the Court **GRANTS** Plaintiffs' Motion to Remand (doc. #9), **DENIES as moot** all remaining pending motions; and **OVERRULES as moot** Plaintiffs' Objection to Defendant Brink's Incorporated's First Amended Notice of Removal (doc. #17). The court hereby **REMANDS** this action to County Court of Law No. 1, Dallas County, Texas. The clerk of the court shall effect this remand in accordance with the usual procedure. The parties shall bear their own costs, expenses and attorney's fees.

**SO ORDERED** this **12th** day of **March, 2010.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**